## Commonwealth v. Gary Miller Chrysler-Plymouth, Inc.

*Gary H. Nash,* for plaintiff.
*Lee Fuller,* for defendant.

JIULIANTE, *J.,* November 10, 1982—On August 4, 1982, the Attorney General of the Commonwealth of Pennsylvania, acting through the Erie Office of the Pennsylvania Bureau of Consumer Protection issued and served a subpoena upon defendant corporation directing it to produce copies of five buyers' orders for sales concluded pursuant to an advertised "99 cent sale," and copies of manufacturers' invoices for the same five vehicles. The Commonwealth has cited 71 P.S. §307-3 as the statutory authority which enables the Attorney General and Director of the Bureau of Consumer Protection to issue such a subpoena. Defendant, however, has refused to comply with the Commonwealth's requests, and has instead filed a motion to quash the subpoena on the grounds that it is an unconstitutional request for the production of business records without probable cause, and is an oppressive and

unlawful search and seizure in contravention of the Fourth and Fourteenth Amendment guarantees. We must disagree with these assertions and order the defendant to comply with this subpoena issued and served by the Bureau for the following reasons.

According to 71 P.S. §307-2:

The Bureau of Consumer Protection shall have the power and its duties shall be:

(1) To investigate commercial and trade practices in the distribution, financing and furnishing the goods and services to or for the use of consumers in order to determine if such practices are detrimental to the public interest, and to conduct studies, investigations and research in matters affecting consumeer interest, advise the executive and legislative branches on matters affecting consumer interest, assist in developing executive policies and develop draft and propose legislative programs to protect the consumer.

(2) To investigate fraud, misrepresentation and deception in the sale, servicing and financing of consumer goods and products. To promote consumer education and to publicize matters relating to consumer frauds, deception and misrepresentation.

(3) To do such other acts as may be incidental to the exercise of its powers and functions.

Furthermore, under 71 P.S. §307-3(a), the Bureau is expressly granted "subpoena power" by the legislature to aid them in performing their investigative functions. Section 307-3(a) states:

"The Attorney General shall be authorized to require the attendance and testimony of witnesses and the production of any books, accounts, papers, records, documents, and files relating to any commercial and trade practices which the Bureau of Consumer Protection has authority to investigate and conduct private or public hearings; and, for this

purpose, the Attorney General or his representative may sign subpoenas, administer oaths or affirmations, examine witnesses and receive evidence during any such investigation or public or private hearing. In case of disobedience of any subpoena or the contumacy of any witness appearing before the Attorney General or his representative, the Attorney General or his representative may invoke the aid of the Commonwealth Court or any court of Record of the Commonwealth, and such court may thereupon issue an order requiring the person subpoenaed to obey the subpoena or to give evidence or to produce books, accounts, papers, records, documents and files relative to the matter in question. Any failure to obey such order of the court may be punished by such court as a contempt thereof."

It is now settled that when an administrative agency subpoenas corporate books or records, the Fourth Amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome. The Agency has the right to conduct all reasonable inspection of documents which are contemplated by statute (such as 71 P.S. §307-2, supra), but it must delimit the confines of the search by designating the needed documents in a formal subpoena. See v. Seattle, 387 U.S. 541 (1967), United States v. Morton Salt Company, 338 U.S. 632 (1950); Oklahoma Press Publishing Company v. Walling, 327 U.S. 186 (1946); Pennsylvania Crime Commission v. Nacrelli, 5 Pa. Commw. 551 (1972).

The subpoena issued by the Consumer Protection Agency in the instant case clearly satisfies all the requirements necessary to establish its validity, as stated in See. It was sufficiently limited in scope that it addressed only one particular action perpe-

trated by the defendant; its "99 cent sale" advertisement. The Bureau's decision to investigate this advertisement was precipitated by its concern for the consumer, and to determine whether or not the ad was detrimental to public interest. This investigation was clearly relevant to the purpose for which Congress empowered the Consumer Protection Ageny pursuant to 71 P.S. §307-2. Finally, the Agencies' demand for substantiation, limited to copies of five buyers' orders for sales concluded pursuant to the "99 cent sale," and copies of five manufacturers' invoices for the same vehicles was specific in directive and would not appear to place defendant in an unreasonably burdensome position in facilitating for their production.

Although defendant is under the impression that the statute "reveals no checks, standards, or guidelines for the investigative powers granted to the Agency," and that the Agency is given "gestapo powers" to rummage about the records of a commercial entity, it is a matter for the legislature, and not the courts to draft statutes which clearly and appropriately empower its administrative agencies. "So long as one may garner from the statute its legislative purpose, and that purpose is within the Constitutional power of the legislature, the investigative agency may set its own reasonable guidelines to carry out that legislative purpose." Pa. Crime Commission v. Nacrelli, The Consumer Protection Agency has acted solely within the confines of its statutory powers, which according to this court are constitutional and entirely proper.

The only alternative left to the defendant which would enable it to quash this administrative subpoena is to prove that the information requested is incompetent, irrelevant, or immaterial to the legisla-

tive purpose in formulating the Bureau's investigative powers. The only step the defendant has made in this direction is to assert that the subpoena was issued without probable cause, and was an invasion of their "reasonable expectations of privacy." Katz v. United States, 389 U.S. 347 (1967). Probable cause, however, is not entirely necessary in the issuance of a subpoena, Zurcher v. Stanford Dailey, 436 U.S. 547, at p. 563 (1978). An administrative agency such as the Consumer Protection Agency has the power to investigate "merely on suspicion that the law is being violated;" they have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and public interest. United States v. Morton Salt Company, 338 US. 632 (1950). Furthermore, in Oklahoma Press Publishing Company v. Walling, 327 U.S. 186 (1946), the Supreme Court held that the Fourth Amendment requirement of probable cause supported by oath or affirmation is satisfied by judicial enforcement of the subpoena when it was found that the investigation was authorized, and that the documents requested were relevant to the inquiry. We are of the opinion that the advertisement as published by the Gary Miller Chrysler-Plymouth, Inc. was of such a nature that the average consumer could be misled or confused by its contents. The Bureau's investigation and its corresponding subpoena requesting substantiation of this ad was conducted within the statutory authority granted to them by the legislature. Since these statutes (as cited in detail, infra) are constitutional on their face, we are obliged to comply with them and permit the Bureau of Consumer Protection to take steps in furtherance of their powers and duties as enumerated. Therefore, the defendant's motion to quash will be denied.

## ORDER

And now, this November 10, 1982, defendant's motion to quash the subpoena issued and served by the Pennsylvania Bureau of Consumer Protection is hereby denied. Defendant is ordered to comply with this subpoena, and to produce all documents specified on or before December 1, 1982.